FILED
97 FEB 28 PM 3:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES A. PALMER III,<br>LATINA Y. PALMER, | } } } | |
| Plaintiffs, | } } | |
| v. | } } | CASE NO. CV 96-B-2884-S |
| JAMES JONES, in his capacity as Sheriff of Shelby County, Alabama; SUNTRUST BANK NATURE COAST; and SUNTRUST BANK TALLAHASSEE, | } } } } } } | |
| Defendants, | } | |

ENTERED
MAR 03 1997

| | | |
|---|---|---|
| JAMES A. PALMER III,<br>LATINA Y. PALMER, | } } } | |
| Plaintiffs, | } } | |
| v. | } } | CASE NO. CV 96-B-2885-S |
| JAMES JONES, in his capacity as Sheriff of Shelby County, Alabama; SUNTRUST BANK NATURE COAST; and SUNTRUST BANK TALLAHASSEE, | } } } } } } | |
| Defendants, | } | |

14

MARY T. PALMER, by JAMES A. }
PALMER, her guardian, }
 }
    Plaintiff, }
 } CASE NO. CV 96-B-2972-S
v. }
 }
JAMES JONES, in his capacity as }
Sheriff of Shelby County, Alabama; }
SUNTRUST BANK NATURE
COAST; and SUNTRUST BANK
TALLAHASSEE,

    Defendants.

## MEMORANDUM OPINION

This matter is before the court on the motions of defendants to dismiss filed pursuant to FED. R. CIV. P. 12(b)(6). Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that defendants' motions are due to be granted.

This suit arises out of a judicial foreclosure action in which State Circuit Judge Michael Joiner issued an Order which directed the Sheriff of Shelby County, Alabama to eject plaintiffs from their home. Specifically, plaintiffs maintain the retention of their personal property and ejectment from their home violated their federal and state constitutional rights, and, in addition, constituted a conversion under Alabama law.

## I. FACTUAL SUMMARY

The facts giving rise to this dispute are relatively straightforward. SunTrust Bank Nature Coast, formerly known as SunBank and Trust Company, currently holds a mortgage given by James and Lois Palmer to real property located at 3040 Brookhill Drive in Shelby

County, Alabama. According to the Bank, the Palmers breached the mortgage agreement by failing to make payments, and as a result, the Bank filed an action in the Circuit Court of Shelby County, Alabama, seeking, among other remedies, judicial foreclosure and ejectment. On July 11, 1996, Judge Michael Joiner, who was presiding over the state court action, granted summary judgement in favor of the Bank, and ordered James and Lois Palmer to surrender possession of the property to the Bank.

After the Palmers refused to comply with the order directing them to surrender possession of the property to the Bank, Judge Joiner issued a second order on August 16, 1996. In his second order Judge Joiner ordered the Palmers to permit a representative of the Bank and others to enter the premises for the purpose of an inspection and videotaping.

Thereafter, on October 2, 1996, Judge Joiner issued a third order. In this third order, Judge Joiner found that the Bank was entitled to immediate possession of the property, and consequently, he ordered the Palmers to remove all of their personal possessions from the property, surrender possession, and vacate the premises within forty-eight hours of delivery of his order. To carry out his order Judge Joiner commanded the Sheriff of Shelby County, Alabama to deliver possession of the premises to the Bank after the expiration of forty-eight hours from the delivery of his order.

On October 8, 1996, and in accordance with Judge Joiner's third order, deputies of the Shelby County Sheriff's Department entered the premises for the purpose of delivering possession of the property to the Bank. According to plaintiffs' complaints, the deputies prevented Lois Palmer from using her telephone to call for assistance, told her that she could not remove any of her personal property from the premises, and stated that if she did not

3

immediately leave the premises, she would be arrested. Thereafter, the deputies changed the locks on the residence, taped off the area, and informed Lois Palmer that if any of her family members crossed the tape, they would be arrested.

In November 1996, the plaintiffs in the above styled cases filed suit in this court alleging claims against James Jones in his capacity as Sheriff of Shelby County, Alabama, Suntrust Bank Nature Coast, and SunTrust Bank Tallahassee. On December 17, 1996, the court entered an order granting defendants' motions to consolidate these cases. Because the allegations in the each of the three complaints are substantially identical, the court will discuss all of the allegations together.

## II. STANDARD OF REVIEW

The court is empowered to dismiss an action "for failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Such a motion should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (citations omitted); *accord Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The court must take factual allegations as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *In re Johannessen*, 76 F.3d 347, 350 (11th Cir. 1996). A complaint should be dismissed, however, if it is clear that no relief could be granted even crediting plaintiffs' allegations of the facts. *See id.* at 349.

## III. DISCUSSION

In their complaints, plaintiffs bring the following causes of action against all defendants: (1) "defendants forcible seizure and retention of plaintiffs' personal property and

4

the ejection of plaintiffs from their residential real property . . . constitutes the unlawful taking of property under color of state law and as such violates plaintiffs' rights under the Fourth Amendment to the U.S. Constitution to be free from unreasonable seizure of property through the Fourteenth Amendment to the U.S. Constitution;"[1] (2) the actions complained of "constitute a loss of property without procedural or substantive due process" in violation of the Constitution of the State of Alabama, Article I, §§ 6 and 13;[2] (3) "the taking of Plaintiffs' personal property constitutes a conversion of such property under the laws of the State of Alabama."[3] On February 25, 1997, plaintiffs filed a document with this court entitled "PLAINTIFFS JAMES PALMER AND LOIS PALMER'S AMENDED COMPLAINT IN CASE NO. CV 96-B-2885-S." With this most recent submission, plaintiffs, apparently, seek to add an additional count to their three count complaint. After reviewing "count four" the court is, however, unable to determine what, if any, cause of action plaintiffs seek to add. Consequently, count four is due to be dismissed summarily without further discussion.

### A.     Plaintiffs' Claims Against Sheriff James Jones

Plaintiffs' claims against James Jones in his capacity as Sheriff of Shelby County, Alabama are, in essence, claims against Sheriff Jones in his official capacity. Under the Eleventh Amendment to the United States Constitution, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any

---

[1] This claim is brought pursuant to 42 U.S.C. § 1983. *See* Pls.' Compls. at ¶¶ 18 & 19.

[2] *See* Pls.' Compls. at ¶¶ 23 & 24.

[3] *See* Pls.' Compls. at ¶ 26.

Foreign State." U.S. CONST. amend. XIV, § 1. While the express language of this Amendment does not prohibit suits against a state by its own citizens, the Supreme Court has interpreted the Eleventh Amendment to mean that "an unconsenting state is immune from lawsuits brought in federal court by the states's own citizens." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990) (citation omitted), *reh'g denied*, 925 F.2d 1477 (1991).

Under Article V, § 112, of the Alabama Constitution, "[t]he executive department shall consist of a governor . . . and a sheriff for each county." In *Parker v. Amerson*, 519 So. 2d 442 (Ala. 1987), the Supreme Court of Alabama interpreted this constitutional provision, and stated that "a suit against a sheriff is 'essentially a suit against the state' . . . ." *Id.* at 446. Additionally, in *City of Florence*, 916 F.2d at 1527, the Eleventh Circuit held that "the sheriff's eleventh amendment immunity also extends to deputy sheriffs because of their traditional function under Alabama law as the sheriff's alter ego." Therefore, because plaintiffs' claims against Sheriff Jones are essentially claims against the State of Alabama, the Eleventh Amendment applies. *See Parker v. Williams*, 862 F.2d 1471, 1475-76 (11th Cir. 1989).

"The Eleventh Amendment confirms that 'the fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III.'" *Green V. Mansour*, 474 U.S. 64, 68 (1985), *reh'g denied*, 474 U.S. 1111 (1986). Thus, under "the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Mansour*, 474 U.S. at 68. With respect to plaintiffs' § 1983 claim, neither Congress nor the State of Alabama has abrogated the State's Eleventh Amendment immunity.

6

*See Gorman v. Roberts*, 909 F. Supp. 1479, 1503 (M.D. Ala. 1995) ("[N]either the State of Alabama nor Congress has waived Eleventh Amendment immunity under § . . . 1983 . . . ."). Thus, the Eleventh Amendment to the U.S. Constitution precludes the types of claims brought by plaintiffs in the case at bar.

Sheriff Jones is also entitled to state sovereign immunity under Alabama law for plaintiffs' state law claims. As noted, both sheriffs and deputy sheriffs are considered executive officers of the state under Alabama law; therefore, they are immune from suit under Article I, § 14, of the Alabama Constitution, which provides that "[T]he state of Alabama shall never be made a defendant in any court of law or equity." *See Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996) (citations omitted).

### B. Plaintiffs' Claims Against Suntrust Bank Nature Coast[4]

In order to be entitled to relief under 28 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) "deprived him of a right secured by the 'Constitution and laws' of the United States." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). With respect to the first prong of this two prong test, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). In the present case, plaintiffs' complaints allege that the deputy sheriffs ordered Lois Palmer to leave the premises, prohibited her from taking any

---

[4] In its Memorandum of Law in Support of Defendants' Motion to Dismiss, Defendants Suntrust Bank, Nature Coast and Suntrust Bank Tallahassee, N.A., state that Suntrust Bank Tallahassee, N.A. does not hold a mortgage to the property and is not a party to the Shelby County lawsuit. Consequently, it is not clear why this entity has been sued. (Defs.' Mem. of Law in Supp. of Defs.' Mot. to Dismiss at 2 n.1.) The court agrees and therefore, will only discuss plaintiffs' claims against Suntrust Bank, Nature Coast.

of the family's belongings, secured the area, and told Lois Palmer that if she or her family returned they would be arrested. Although it appears that a representative of the Bank was present and told Lois Palmer that she would be unable to take any of her personal belongings, without more, it cannot be said that the actions of the Bank constitute "state action." Therefore, because plaintiffs have not alleged any set of facts in which the Bank could be viewed as a "state actor," plaintiffs' § 1983 claims against the Bank are due to be dismissed.

In addition to their § 1983 claims, plaintiffs also bring claims under Article I, §§ 6 and 13 of the Alabama Constitution. Article I, § 6, of the Alabama Constitution is entitled "Rights of persons in criminal prosecutions generally; self-incrimination; due process of law; right to speedy, public trial; change of venue." As the language of this provision reveals, it is inapplicable to the case at bar because it only applies to "criminal prosecutions." Consequently, since the case at bar in no way involves a criminal prosecution, the court concludes that this claim is due to be dismissed.

Turning to plaintiffs' claims under Article I, § 13, of the Alabama Constitution, this provision is entitled "Courts to be open; remedies for all injuries; impartiality of justice." The language of Article I, § 13, provides "[t]hat all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay." Plaintiffs maintain that "[t]he taking of Plaintiffs' personal property and ejection from Plaintiffs' residential real property constitutes a loss of property without procedural or substantive due process." (Pls.' Compls. at ¶ 24.) Although this is a claim brought under the Alabama Constitution, as opposed to the U.S. Constitution, plaintiffs must still demonstrate

8

that the actions of the Bank can be fairly attributable to the State. "'Without state action, the due process clauses of the Federal or State Constitutions have no field of operation . . . .'" *Alabama Power Co. v. Smith*, 575 So. 2d 1084, 1086 (Ala. 1991) (citations omitted). Because plaintiff has not alleged any set of facts in which the Bank could be viewed as a "state actor," plaintiffs' claims under Article I, § 13, of the Alabama Constitution are due to be dismissed.

Finally, Count Three of plaintiffs' complaints state that "[t]he taking of Plaintiffs' personal property constitutes a conversion of such property under the laws of the State of Alabama." (Pls.' Compls. at ¶ 26.) "To constitute conversion, there must be a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse of another's property." *Covington v. Exxon Co., U.S.A.*, 551 So. 2d 935, 938 (Ala. 1989) (citations omitted). "Conversion requires 'a wrongful exercise of dominion over property in exclusion or defiance of a plaintiff's rights, where said plaintiff has . . . the immediate right to possession.'" *Id.* (citation omitted). In addition, in cases "in which the taking was lawful, a demand and a refusal are necessary to constitute conversion." *See Stallworth v. Continental Real Estate Management*, 582 So. 2d 534, 535 (Ala. 1991) (citation omitted).[5] In the case at bar, it is undisputed that plaintiffs were ejected and excluded from the premises at 3040 Brookhill Drive pursuant to an Order issued by State Circuit Court Judge Michael Joiner. Although the ejectment and exclusion took place over four months ago, plaintiffs have failed to allege that they have requested that either Judge Joiner or the Bank allow them to return to the premises for the purpose of regaining possession of their

---

[5] Although *Stallworth* was a case involving a conversion claim by a former tenant against her landlord, the reasoning in that context applies in this context as well.

9

belongings. Because a demand for the property and a refusal are necessary to constitute a conversion, and because plaintiffs' have not alleged that they have requested the return of their property, plaintiffs' conversion claims against the Bank are due to be dismissed.

## IV. CONCLUSION

Based on the foregoing, the court concludes that defendants' Motions to Dismiss are due to granted. An order granting defendants' motions will be entered contemporaneously herewith.

DONE this 28th day of February, 1997.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge